# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | NO. 09-169-01 |
| v. | : | |
| | : | CIVIL ACTION |
| RICHARD VALENTINE | : | NO. 13-56 |

**DuBois, J.**                                                                                                    **March 28, 2013**

## M E M O R A N D U M

### I.     INTRODUCTION

On April 1, 2010, defendant Richard Valentine pled guilty to an indictment which charged (1) one count of possession of five grams or more of cocaine base with intent to distribute, (2) one count of possession of a firearm in furtherance of a drug trafficking crime, (3) one count of possession of oxycodone, (4) and one count of possession of a firearm and ammunition by a convicted felon.  As part of the plea agreement, defendant reserved his right to appeal the Court's denial of his pre-trial motion to suppress.  On November 30, 2010, the Court imposed the mandatory minimum sentence of 240 months imprisonment followed by eight years of supervised release and a special assessment of $400.  On December 13, 2010, defendant filed a timely appeal of the Court's denial of his pre-trial motion to suppress.  The Third Circuit affirmed the Court's ruling on November 14, 2011.

On January 4, 2013, defendant filed a timely pro se § 2255 motion.  After the Government responded in opposition, defendant filed a motion to amend his § 2255 motion dated February 14, 2013 to add two new claims.  The Government opposes the motion to amend on the ground that it was dated after the one-year limitations period expired on February 12, 2013.  The motion to amend was filed on February 19, 2013.

## II.    BACKGROUND

The background of this case is set forth in detail in previous opinions. See United States v. Valentine, 451 Fed. App'x 87, 91 (3d Cir. 2011) (affirming District Court's denial of defendant's motion to suppress); United States v. Valentine, 2009 WL 2776487 (E.D. Pa. Sept. 1, 2009) (denying defendant's motion to suppress). Accordingly, the Court recites in this Memorandum only those facts necessary to explain the Court's rulings on the pending motions.

A.   Factual Background

On the evening of November 12, 2008, defendant was the subject of a traffic stop in Bensalem Township. Some time shortly before 9:49 p.m., Bensalem Police Officer Joseph Gansky observed defendant's vehicle with darkly tinted windows being operated at a high rate of speed in Bristol Township. (Tr. at 44-45.) Officer Gansky lacked jurisdiction to stop defendant's vehicle there and did not attempt to do so. (Tr. at 45, 108-09.) Shortly after returning to Bensalem Township, Officer Gansky observed defendant's vehicle enter Bensalem Township. (Tr. at 45-46.) Officer Gansky followed defendant's vehicle and, after he activated his overhead lights on his police vehicle, defendant drove his vehicle into a closed shopping center and parked in a designated parking space. (Tr. at 51, 77.) Officer Gansky testified that he stopped the vehicle because it had darkly tinted windows in violation of Pennsylvania Code 75 Pa.C.S.A. § 4524(e)(1) and the driver had been engaging in "suspicious activity." (Tr. at 68-69.) When Officer Gansky approached the vehicle and asked defendant for his driver's license, registration, and insurance, defendant responded that he was driving on a suspended license and had neither insurance nor registration. (Tr. at 53.)

After back-up arrived on the scene, Officer Gansky decided to impound the vehicle. (Tr. at 69, 98.) Officer Gansky called his supervising officer, Corporal George Price, for

2

authorization to impound the vehicle. (Tr. at 57.) Corporal Price testified that his decision to authorize the impoundment of the vehicle was based solely on the fact that defendant was driving on a suspended license and without insurance. (Tr. at 15.)

Officer Gansky then proceeded to inspect the vehicle for damage and inventory its contents. (Tr. at 59–60, 89–90.) Officer Gansky searched first the interior of the vehicle, then the glove compartment, and then the trunk. In the interior of the car, Officer Gansky found loose change and assorted compact discs. (Tr. at 90.) In the glove compartment, which was unlocked according to Officer Gansky's recollection, Officer Gansky found two prescription pill bottles containing pills. (Tr. at 59–60.) There were no labels on the bottles. (Id.) Officer Gansky then opened the trunk using the trunk lid release latch in the vehicle. (Tr. at 60.) At this point, defendant "jumped and ran towards" the back of the vehicle and "slammed" the trunk. (Id.) Officer Gansky then placed defendant in handcuffs for officer safety and informed defendant that the police department's inventory procedure required a full search of the vehicle, including the trunk. (Tr. at 61.) According to Officer Gansky, defendant responded by saying, "You can have the car, you can arrest me, but you cannot search the trunk." (Id.)

Officer Gansky then re-opened the trunk of the vehicle and continued his inventory search. (Tr. at 61.) The trunk contained: (1) various items of clothing, including shoes, (2) two clear bags of a white powdery substance which fell out of the pocket of a pair of jeans, (3) a black digital scale with white powdery residue on it, (4) a Jennings Model 25 automatic pistol, loaded with four live rounds of .25 caliber ammunition, and (5) a second magazine loaded with four live rounds of .25 caliber ammunition. (Tr. at 62.) After finding the gun, ammunition, and bags containing the white powdery substance, Officer Gansky placed defendant under arrest. (Tr. at 62.)

B. Procedural Background

On March 17, 2009, defendant was indicted on (1) one count of possession of five grams or more of cocaine base with intent to distribute, (2) one count of possession of a firearm in furtherance of a drug trafficking crime, (3) one count of possession of oxycodone, (4) and one count of possession of a firearm and ammunition by a convicted felon.

On April 9, 2009, defendant filed a motion to suppress, in which he argued (1) that he was the subject of an unlawful traffic stop, (2) the decision to impound his vehicle was improper because it was based on an improper investigatory motive, (3) the inventory of his vehicle was not made pursuant to any standardized written criteria or routine governing the scope of the inventory search, and (4) the impoundment and inventory search were invalid because they did not follow state law and a Pennsylvania Superior Court decision. The Court held a hearing on the motion on July 31, 2009, at which Officer Gansky and Corporal Price testified. On September 1, 2009, the Court denied defendant's motion to suppress.

On April 1, 2010, defendant entered a plea of guilty to all charges, pursuant to a plea agreement that specifically reserved his right to appeal the Court's denial of his motion to suppress. Defendant avers that his trial counsel advised him during the plea negotiations that defendant would be permitted to raise on direct appeal two new arguments regarding the motion to suppress. On November 30, 2010, the Court imposed the mandatory minimum sentence of 240 months imprisonment followed by eight years of supervised release and a special assessment of $400.

On December 13, 2010, defendant filed a direct appeal, raising the two new arguments regarding the motion to suppress: (1) he challenged the impoundment of his vehicle because it was not authorized by a sergeant, and (2) he challenged the inventory search of the trunk of his

4

vehicle as beyond the scope of the written inventory search policy.  The Third Circuit affirmed this Court's denial of the motion to suppress without reaching these two new arguments, concluding that because the arguments were not raised before this Court, the new arguments were waived under Rule 12 of the Federal Rules of Criminal Procedure.  See Valentine, 451 Fed. App'x at 91.

On January 4, 2013, defendant filed a timely pro se § 2255 motion.  In that motion, he raises two arguments: (1) trial counsel was ineffective for failing to challenge the impoundment of his vehicle because it was not authorized by a sergeant, and (2) trial counsel was ineffective for failing to challenge the inventory search of the trunk of his vehicle as beyond the scope of the written inventory search policy.  After the Government responded to the habeas motion, defendant filed a motion to amend the motion dated February 14, 2013 to add a third and fourth argument: (3) trial counsel was ineffective for failing to challenge the impoundment of his vehicle because it was beyond the scope of the officer's community caretaking function, and (4) trial counsel was ineffective in advising him during the plea negotiations that he could raise new, non-asserted claims regarding the motion to suppress on direct appeal.  The motion to amend was dated February 14, 2013, two days after the expiration of the statute of limitations on February 12, 2013, and the Government opposes it on that ground.

### III.    LEGAL STANDARD

Each of defendant's claims includes an allegation that he was denied his Sixth Amendment right to effective assistance of counsel.  The standard for assessing a claim of ineffective assistance of counsel requires a familiar two-part inquiry.  "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88

5

(1984). "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. With respect to the second part of the inquiry, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

## IV. DISCUSSION

Defendant raises four arguments: (A) trial counsel was ineffective for failing to challenge the impoundment of his vehicle because it was not authorized by a sergeant, (B) trial counsel was ineffective for failing to challenge the inventory search of the trunk of his vehicle as beyond the scope of the written inventory search policy, (C) trial counsel was ineffective for failing to challenge the impoundment of his vehicle because it was beyond the scope of the officer's community caretaking function, and (D) trial counsel was ineffective for advising him that he could raise new, non-asserted claims regarding the motion to suppress on direct appeal during the plea negotiations. The first two arguments are raised in defendant's original § 2255 motion, and the last two arguments are raised in defendant's Motion to Amend.

### A. Lack of Sergeant's Authorization

Defendant argues that the impoundment and towing of a vehicle can only be authorized by a sergeant, pursuant to the Bensalem Police Department Field Training Officers Manual. Defendant argues therefore that Corporal Price did not have the requisite authorization to order

the impoundment and towing of defendant's vehicle and that trial counsel was ineffective for failing to make this argument.

Police officers have broad authority to impound vehicles pursuant to the "police community caretaking function." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." Id. The decision to impound must be reasonable but need not be made pursuant to a standardized police procedure. United States v. Smith, 522 F.3d 305, 312, 314–15 (3d Cir. 2008). Nevertheless, impoundment decisions that are made pursuant to a standardized police procedures "will most likely, although not necessarily always, satisfy the Fourth Amendment." Id. at 312 (referencing Colorado v. Bertine, 479 U.S. 367 (1987)).

The Bensalem Police Department Field Training Officers Manual sets forth the basic limits on officers seeking to impound, tow, and inventory a vehicle. The manual states, in part: "If you feel that a vehicle needs to be towed due to vehicle code violation you need to first get your sergeant's approval." (Gov't Hr'g Exh. B.) According to Corporal Price, the above quoted material constitutes the "only document that exists within the Bensalem Police Department regarding impounding and inventorying". (Tr. at 18.) He added that the procedures in the Field Training Officers Manual are augmented by training with experienced officers in the field. (Tr. at 7.) Corporal Price further testified that patrol officers need his authorization to tow a vehicle, and that it was the policy of the Bensalem Police Department for at least eight years that an officer needs a supervisor's approval for a tow. (Tr. at 5-6, 16.)

Officer Gansky testified that he went through three months of training with an experienced officer using the Bensalem Police Department Field Training Officers Manual. (Tr.

7

at 41.) Based on that training, Officer Gansky stated that the procedure for towing vehicles required him to procure the permission of the "corporal or sergeant." (Tr. at 41.) Finally, both Corporal Price and Officer Gansky testified that Officer Gansky sought Corporal Price's authorization to tow the vehicle after informing Corporal Price that defendant was driving with a suspended license, had no registration, and had no insurance. (Tr. at 15, 57) Corporal Price then gave permission to impound, tow, and inventory defendant's vehicle. (Id.)

Based on the foregoing testimony and other evidence, the Court finds that Officer Gansky followed the Bensalem Police Department procedures when he received authorization from Corporal Price to impound, tow, and inventory defendant's vehicle. Although defendant focuses on the written procedure that an officer needs a sergeant's authorization to tow a vehicle to argue that the decision to tow the vehicle was unreasonable, the testimony from Corporal Price and Officer Gansky establish that the standard procedure is to receive authorization from a supervisory officer to tow a vehicle – in this case, authorization from Corporal Price. The Court concludes that Corporal Price and Officer Gansky followed standard procedures when deciding to impound and tow defendant's vehicle and that such decision was reasonable. Therefore, the fact that Corporal Price authorized the impounding and towing instead of a sergeant does not diminish the reasonableness of the decision to do so because the decision was still made according to the Bensalem Police Department's standard procedures.

Because defendant's argument is not meritorious, defendant's trial counsel cannot be ineffective for failing to raise the issue. Accordingly, defendant's habeas motion on this ground is denied.

B.  <u>Search of Trunk of Vehicle</u>

Defendant next asserts that his trial counsel was ineffective for failing to argue that the inventory search of the trunk of his vehicle was beyond the scope of the written inventory search policy of Bensalem Police Department.

Where property has been lawfully impounded, warrantless "inventories pursuant to standard police procedures are reasonable" and do not violate the Fourth Amendment.  <u>South Dakota v. Opperman</u>, 428 U.S. 364, 369–71 (1976).  To be valid, an inventory search must be "conducted according to standardized criteria or established routine."  <u>Bertine</u>, 479 U.S. at 374 n.6; <u>United States v. Frank</u>, 864 F.2d 992, 1002 (3d Cir. 1988).  Although the standardized criteria or established routine must limit a police officer's discretion with regard to the decision to search and the scope of the search, it need not be based on formalized written standards.  <u>United States v. Salmon</u>, 944 F.2d 1106, 1121 (3d Cir. 1991); <u>Frank</u>, 864 F.2d at 1002.

The Bensalem Police Department does not have a detailed written inventory policy.  Indeed, on cross-examination, Corporal Price confirmed that the written impound and inventory policy does not give any instructions on proper inventory search procedure and that Officer Gansky "could have [conducted the inventory search] any way he felt appropriate at the time." (Tr. at 17-19.)  Nonetheless, field officers learn the impound and inventory practice through the Field Training Officers Manual and three month training period during which a new officer is paired with an experienced officer.  (Tr. at 32, 42.)

As reported by Corporal Price, the purpose of the inventory search is to assess the condition of the vehicle and contents, note any pre-existing damage, and record any valuable items.  (Tr. at 11.)  Both Corporal Price and Officer Gansky testified that the search is

9

comprehensive, covering all areas of the vehicle with the exception of any locked compartments or boxes which can only be opened by force. (Tr. at 11, 42-43.)

Based on the foregoing, the Court concludes that the Bensalem Police Department Field Training Officers Manual and related training of officers set forth the procedures for an inventory search of a vehicle: officers are to search all areas of the vehicle with the exception of any locked compartments or boxes which can only be opened by force. Further, the testimony of Officer Gansky establishes that he followed these procedures when he performed the inventory search of defendant's vehicle, and his inventory search did not exceed the scope of the procedures when he opened the trunk by operating the trunk door release latch in the vehicle.

Because defendant's argument is not meritorious, defendant's trial counsel cannot be ineffective for failing to raise the issue. Accordingly, defendant's habeas motion on this ground is denied.

### C. Police Community Caretaking Function

Defendant next asserts that his trial counsel was ineffective for failing to argue that the impoundment of his vehicle was committed beyond the scope of the officer's community caretaking functions. Although this argument is raised for the first time in defendant's untimely Motion to Amend, the Government does not specifically address this argument and instead generally argues that defendant's Motion to Amend should be denied.

A § 2255 motion "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure allows for "amendment to a pleading relates back to the date of the original pleading when … (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P.

15(c)(1). In the context of § 2255 motions, relation back of an amended motion is proper if "the original and amended [motions] state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Defendant's new argument is based on the same core of operative facts found in his original § 2255 motion: Officer Gansky's decision to impound defendant's vehicle, which required him to procure the authorization of Corporal Price. Therefore, defendant's new claim "relates back to the date" of the original § 2255 motion and is timely. See Fed. R. Civ. P. 15(c)(1). Accordingly, the Court will consider the merits of the claim.

As stated supra, police officers may "seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience" pursuant to the "police community caretaking function." Opperman, 428 U.S. at 369. Police officers may impound a vehicle where it is stopped "in a dangerous area and, accordingly, the vehicle would have been subject to being damaged, vandalized, or stolen." See Smith, 522 F.3d at 314.

Officer Gansky testified that he was in a "high crime area with lots of weapons and narcotics" when he followed and stopped defendant's vehicle. (Tr. at 46.) Further, Officer Gansky testified that when he activated his overhead lights to signal defendant's vehicle to pull over, defendant pulled into the parking lot of a closed shopping center. (Tr. at 46, 51, 53.)

In United States v. Pace, the court concluded that the police community caretaker function allowed impoundment of a vehicle where the vehicle was parked in a commercial space where it could not remain indefinitely and was in a high crime area where it could be damaged or stolen. 2011 WL 442120, at *3 (E.D. Pa. Feb. 8, 2011).

The decision to impound defendant's vehicle arises under the same circumstances found in Pace: defendant's vehicle was parked in a commercial spot in a high crime area. Therefore,

Officer Gansky's decision to impound the vehicle was properly within his community caretaker functions. Because defendant's argument is not meritorious, defendant's trial counsel cannot be ineffective for failing to raise the issue. Accordingly, defendant's habeas motion on this ground is denied.

### D. Advice During Plea Negotiations

Finally, defendant moves to amend his § 2255 motion to argue that his trial counsel was ineffective during the plea negotiations when he advised defendant that defendant could raise on direct appeal new, non-asserted claims regarding the motion to suppress. Specifically, defendant attempted to raise two of the three aforementioned arguments on appeal, but the Third Circuit concluded that trial counsel's failure to raise them before this Court rendered the arguments waived under Rule 12 of the Federal Rules of Criminal Procedure. See Valentine, 451 Fed. App'x at 91. Therefore, defendant argues that trial counsel was ineffective for advising him that he could in fact raise those new arguments on direct appeal.

Although trial counsel's alleged ineffective advice pertained to defendant's ability to raise new arguments on direct appeal regarding the motion to suppress, this new claim of ineffectiveness is actually tied to the plea negotiations and is therefore based on a separate and distinct set of operative facts. Accordingly, the original and amended motions state distinct claims that are not "tied to a common core of operative facts." See Mayle, 545 U.S. at 664.[1] Thus, defendant's motion to amend is denied.

Assuming, arguendo, defendant's new claim relates back to his original § 2255 motion under Rule 15(c), leave to amend should generally not be given where the amendment would be

---

[1] Nor is defendant entitled to equitable tolling, as he has offered no reason for the untimely filing of his motion to amend. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

futile. See United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In this case, based on the discussion supra, trial counsel could not have been ineffective for his advice during plea negotiations regarding defendant's right to raise on direct appeal new arguments because such arguments are meritless.

## V. EVIDENTIARY HEARING

§ 2255 provides in part that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, [and] grant a prompt hearing thereon . . . ." A district court may exercise sound discretion as to whether to grant such a hearing, but "[i]n exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Accordingly, the Court must grant a hearing "when the files and records of the case are inconclusive on the issue of whether movant is entitled to relief . . . ." United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005). For the reasons discussed above, the Court concludes that the files and records of this case show conclusively that defendant is not entitled to relief under § 2255. Accordingly, the Court will not hold an evidentiary hearing.

## VI. CONCLUSION

For the reasons set forth above, defendant's § 2255 motion and Motion to Amend are denied. An appropriate order follows.