IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 09-169-01 |
| v. | : | |
| | : | CIVIL ACTION |
| RICHARD VALENTINE | : | NO. 13-56 |

### O R D E R

**AND NOW**, this 28th day of March, 2013, upon consideration of Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 82, filed January 4, 2013), Government's Response In Opposition to Defendant's Habeas Corpus Motion Pursuant to 28 U.S.C. § 2255 (Document No. 86, filed February 14, 2013), Defendant's pro se Motion to Amend 28 U.S.C. § 2255 Petition Pursuant To Rule 15 Of The Federal Rules Of Civil Procedure (Document No. 87, filed February 19, 2013), Government's Response In Opposition to Defendant's Habeas Corpus Motion Pursuant to 28 U.S.C. § 2255 [response in opposition to Defendant's Motion to Amend] (Document No. 91, filed March 21, 2013), for the reasons set forth in the Memorandum dated March 28, 2013, **IT IS ORDERED** as follows:

1. Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**;

2. Defendant's pro se Motion to Amend 28 U.S.C. § 2255 Petition Pursuant To Rule 15 Of The Federal Rules Of Civil Procedure is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That part of the motion seeking to amend defendant's original § 2255 motion to raise the claim that trial counsel was ineffective for failing to challenge the impoundment of his vehicle because it was beyond the scope of the officer's

community caretaking function is **GRANTED**; and

    b. That part of the motion seeking to amend defendant's original § 2255 motion to raise the claim that trial counsel was ineffective in advising him during the plea negotiations that he could raise new, non-asserted claims regarding the motion to suppress on direct appeal is **DENIED**.

3. A certificate of appealability will not issue for any of defendant's claims because reasonable jurists would not debate whether the motion states a valid claim of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2), see Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4. The Clerk of Court shall **MARK** the case **CLOSED**.

                                    **BY THE COURT:**

                                  /s/ Hon. Jan E. DuBois
                                  **DuBOIS, JAN E., J.**